```
Steven M. Heller. #79067
HELLER & HIBBERT
6833 Fair Oaks Boulevard
Carmichael. CA 95608
Telephone:   (916) 971-8500
Facsimile:   (916) 971-8501

Attorneys for Defendants KEVIN CARINALLI
HEATHER M. CARINALLI and
KEVIN INVESTMENT CO.
```

FILED

OCT 15 2010

U.S. BANKRUPTCY COURT
SANTA ROSA, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| **In re:** | Case No. 09-12986 (AJ) |
| CLEMENT C. CARINALLI AND ANN MARIE CARINALLI. | Chapter 11 |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS . | Adversary Proc. No. 10-01089 (AJ) |
| vs. | ANSWER TO COMPLAINT FOR |
| KELLY INVESTMENT CO...<br>KELLY T. SUACCI.<br>KEITH INVESTMENT CO..<br>KEITH CARINALLI.<br>KERRI INVESTMENT CO..<br>KERRI A. OLHISER.<br>KEVIN INVESTMENT CO..<br>KEVIN E. CARINALLI.<br>HEATHER M. CARINALLI.<br>KLEMCO INVESTMENT CO.. AND<br>NORTH COAST BANK. A DIVISION OF AMERICAN RIVER BANK. SANTA ROSA OFFICE. | 1. AVOIDANCE OF FRAUDULENT TRANSFERS;<br>2. AVOIDANCE OF PREFERENTIAL TRANSFERS;<br>3. DETERMINATION OF NATURE AND EXTENT OF INTERESTS IN PROCEEDS OF SHILOH SALE;<br>4. TURNOVER OF SUCH PROCEEDS; AND.<br>5. DISALLOWANCE OF INSIDER DEFENDANTS' CLAIM AGAINST THE ESTATE |
| Defendants. | |

Defendants KEVIN INVESTMENT CO., KEVIN E. CARINALLI and HEATHER M. CARINALLI (hereinafter "the Answering Defendants") in response to the Complaint for Avoidance of Fraudulent Transfer (Complaint re: Shiloh Sale Proceeds) filed by the Official

-1-

Committee of Unsecured Creditors answer as follows:

## JURISDICTION AND VENUE

1. Answering Paragraph One (1) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis deny each and every allegation contained therein.

2. Answering Paragraph Two (2) of the Complaint, these answering Defendants admit the allegations contained therein.

3. Answering Paragraph Three (3) of the Complaint, these answering Defendants admit the allegations contained therein.

4. Answering Paragraph Four (4) of the Complaint, these answering Defendants admit the allegations contained therein.

## THE PARTIES

5. Answering Paragraph Five (5) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

6. Answering Paragraph Six (6) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

7. Answering Paragraph Seven (7) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

8. Answering Paragraph Eight (8) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation

contained therein.

9. Answering Paragraph Nine (9) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

10. Answering Paragraph Ten (10) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

11. Answering Paragraph Eleven (11) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

12. Answering Paragraph Twelve (12) of the Complaint, these answering defendants admit the allegation of paragraph Twelve (12).

13. Answering Paragraph Thirteen (13) of the Complaint, these answering Defendants admit that Kevin E. Carinalli and Heather M. Carinalli are individuals with a business address at 520 Mendocino Avenue, Suite 250, Santa Rosa, California 95401. Defendants deny that Kevin Investments, Co. is an owner of the Shiloh property and was not a borrower on any loans described herein.

14. Answering Paragraph Fourteen (14) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

15. Answering Paragraph Fifteen (15) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

-3-

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

Case: 10-01089   Doc# 13   Filed: 10/15/10   Entered: 10/26/10 14:21:02   Page 3 of 20

16. Answering Paragraph Sixteen (16) of the Complaint, these answering Defendants admit that the Debtors in this Chapter 11 case are the parents of Kelly, Keith, Kerri and Kevin.

## GENERAL ALLEGATIONS

17. Answering Paragraph Seventeen (17) of the Complaint, , these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

18. Answering Paragraph Eighteen (18) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

19. Answering Paragraph Nineteen (19) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

20. Answering Paragraph Twenty (20) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

21. Answering Paragraph Twenty-One (21) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

22. Answering Paragraph Twenty-Two (22) of the Complaint, these answering Defendants deny that they are "insiders" of the Debtors because they are relatives of the Debtors. Further, as to Kevin Investment, these defendants deny that that Defendant is an affiliate of the Debtors and Debtors' children. These answering Defendants admit that they

assert various claims as against the debtors' estate.

23. Answering Paragraph Twenty-three (23) of the Complaint, these answering Defendants deny that that Kevin Investment Co. is a borrower of North Coast Bank and further deny that Heather Carinalli is a borrower at North Coast Bank. North Coast Bank is a creditor of Defendant Kevin Carinalli.

### The Shiloh Sale Motion

24. Answering Paragraph Twenty-four (24) of the Complaint, these answering Defendants admit that the debtors filed their motion for the Approval of Real Property, namely, the Shiloh Road property and that the motion proposed distribute funds to Debtors as well as Defendants. These answering defendants deny the balance of the allegations contained in Paragraph 24 of the Complaint.

25. Answering Paragraph Twenty-five (25) of the Complaint, these answering Defendants aver that the record and the order of May 26, 2010 speak for themselves.

26. Answering Paragraph Twenty-six (26) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

### The Transfer of the Shiloh Deed of Trust in the Defendants

27. Answering Paragraph Twenty-seven (27) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

28. Answering Paragraph Twenty-eight (28) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

29. Answering Paragraph Twenty-nine (29) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of

the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

30. Answering Paragraph Thirty (30) of the Complaint, these answering defendants deny the allegations contained therein.

31. Answering Paragraph Thirty-one (31) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

32. Answering Paragraph Thirty-two (32) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

33. Answering Paragraph Thirty-three (33) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

34. Answering Paragraph Thirty-four (34) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

35. Answering Paragraph Thirty-five (35) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

36. Answering Paragraph Thirty-six (36) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

37. Answering Paragraph Thirty-seven (37) of the Complaint, these answering Defendants admit the allegations contained therein.

38. Answering Paragraph Thirty-eight (38) of the Complaint, these answering Defendants deny the allegations contained therein.

39. Answering Paragraph Thirty-nine (39) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

40. Answering Paragraph Forty (40) of the Complaint, Kevin Carinalli admits to having contributed $500,000 to fund the payments to the O'Neels on his personal line of credit. Moreover, Defendants object to the phrase "Insider Defendants". Said objection is a continuing objection.

41. Answering Paragraph Forty-one (41) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

42. Answering Paragraph Forty-two (42) of the Complaint, these Answering Defendants admit that the Debtors assignment of Trust 2 was recorded on July 16, 2010. As to the balance of the accusations herein, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

43. Answering Paragraph Forty-three (43) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

44. Answering Paragraph Forty-four (44) of the Complaint, these Answering Defendants deny that Heather Carinalli is a borrower. As to the balance of the accusations contained therein, these answering Defendants are without sufficient knowledge or

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

Case: 10-01089   Doc# 13   Filed: 10/15/10   Entered: 10/26/10 14:21:02   Page 7 of 20

information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

45. Answering Paragraph Forty-five (45) of the Complaint, , these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

46. Answering Paragraph Forty-six (46) of the Complaint, these answering Defendants deny that Heather Carinalli was ever a borrower on the loan. Defendants admit that Kevin Carinalli made the repayment to North Coast Bank. As balance of the allegations, these answering defendants allege that the Shiloh Sale Motion speaks for itself.

47. Answering Paragraph Forty-seven (47) of the Complaint, , these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

48. Answering Paragraph Forty-eight (48) of the Complaint, , these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

49. Answering Paragraph Forty-nine (49) of the Complaint, , these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

**CLAIMS FOR RELIEF**
**First Claim for Relief**
**(Avoidance of Fraudulent Transfers)**
**11 U.S.C. §548(a)(1)(B)**

50. These answering Defendants restate and incorporate by reference each and every averment, admission and denial contained in the foregoing paragraphs as though

fully set forth herein at length.

51. Answering Paragraph Fifty-one (51) of the Complaint, these answering Defendants deny the allegations contained therein.

52. Answering Paragraph Fifty-two (52) of the Complaint, , these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

53. Answering Paragraph Fifty-three (53) of the Complaint, these answering Defendants deny the allegations contained therein.

### In the alternative to the First Claim for Relief – Second Claim for Relief
### (Avoidance of Preferential Transfers)
### 11 U.S.C. §547(b)

54. These answering Defendants restate and incorporate by reference each and every averment, admission and denial contained in the foregoing paragraphs as though fully set forth herein at length.

55. Answering Paragraph Fifty-five (55) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

56. Answering Paragraph Fifty-six (56) of the Complaint, these Answering Defendants deny that Heather Carinalli was a borrower on the loan. Defendants object to the phrase "Insider Defendants". As to the balance of the allegations, these answering defendants admit that Kevin Carinalli was a assigned a proportionate share of the interest in exchange for his payments.

57. Answering Paragraph Fifty-seven (57) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

///

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

58. Answering Paragraph Fifty-eight (58) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

59. Answering Paragraph Fifty-nine (59) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

60. Answering Paragraph Sixty (60) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

61. Answering Paragraph Sixty-one (61) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

62. Answering Paragraph Sixty-two (62) of the Complaint, these answering Defendants deny the allegations contained therein.

### Third Claim for Relief
### (Recovery of Transfers)
### 11 U.S.C. §550(a)(1) and (2)

63. These answering Defendants restate and incorporate by reference each and every averment, admission and denial contained in the foregoing paragraphs as though fully set forth herein at length.

64. Answering Paragraph Sixty-four (64) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

65. Answering Paragraph Sixty-five (65) of the Complaint, these answering

---

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

Defendants deny the allegations contained therein.

65. Answering Paragraph Sixty-six (66) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

67. Answering Paragraph Sixty-seven (67) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

68. Answering Paragraph Sixty-eight (68) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

69. Answering Paragraph Sixty-nine (69) of the Complaint, these answering Defendants deny the allegations contained therein.

70. Answering Paragraph Seventy (70) of the Complaint, these answering Defendants deny the allegations contained therein.

**Fourth Claim for Relief**
**(Declaratory Judgment Determining Nature and Extent of Interests in Shiloh Sale Proceeds)**
**Bankruptcy Rule 7001(2) and (9)**

71. These answering Defendants restate and incorporate by reference each and every averment, admission and denial contained in the foregoing paragraphs as though fully set forth herein at length.

72. Answering Paragraph Seventy-two (72) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein.

73. Answering Paragraph Seventy-three (73) of the Complaint, these answering
---

defendants deny each and every allegation contained therein.

74. Answering Paragraph Seventy-four (74) of the Complaint, these answering Defendants admit the allegations contained therein.

75. Answering Paragraph Seventy-five (75) of the Complaint, these answering defendants deny each and every allegation contained therein.

76. Answering Paragraph Seventy-six (76) of the Complaint, these answering Defendants are without sufficient knowledge or information to form a belief as the truth of the allegations contained in said paragraph and on that basis, deny each and every allegation contained therein, however, these answering Defendants assert that ample evidence exists to support Debtor's contentions that the moneys used to fund the purchase of Note 1 originated with the Defendant children of debtors. .

77. Answering Paragraph Seventy-seven (77) of the Complaint, admit that the Committee disputes these answering Defendants right and titled to the Shiloh Sale Proceeds and affirmatively assert that these answering defendants have valid rights and title thereto.

78. Answering Paragraph Seventy-Eight of the Complaint, these answering Defendants assert that these answering defendants have valid rights and title to the Shiloh Sale Proceeds.

### Fifth Claim for Relief
### (Turnover of Property of the Estate)
### 11 U.S.C. §541. 542(d)

79. These answering Defendants restate and incorporate by reference each and every averment, admission and denial contained in the foregoing paragraphs as though fully set forth herein at length.

80. Answering Paragraph Eighty (80) of the Complaint, these answering Defendants assert that Section 541(a) of the Bankruptcy Code speaks for itself.

81. Answering Paragraph Eighty-one (81) of the Complaint, these answering Defendants assert that Section 542(a) of the Bankruptcy Code speaks for itself.

82. Answering Paragraph Eighty-two (82) of the Complaint, these answering

Defendants deny that entirety of the Shiloh Sale Proceeds are assets of the Debtors estate.

83. Answering Paragraph Eighty-three (83) of the Complaint, these answering Defendants deny the allegations contained therein.

### Sixth Claim for Relief
### (Disallowance of Insider Claims)
### 11 U.S.C. §502(d)

84. Answering Paragraph Eighty-four (84) of the Complaint, These answering Defendants restate and incorporate by reference each and every averment, admission and denial contained in the foregoing paragraphs as though fully set forth herein at length.

85. Answering Paragraph Eighty-five (85) of the Complaint, these answering Defendants deny that they owe any amounts owing to the debtors estate.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

86. The claims for relief in the complaint fail to state facts sufficient to constitute a cause of action against Defendants.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Irreparable Injury)

87. As to all causes of action contained in the complaint seeking injunctive relief, Plaintiff has not suffered an irreparable injury.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Join a Necessary Party)

88. As to all causes of action contained in the complaint, defendants are informed and believe and on that basis allege that, pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join a necessary or indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

///
///

---

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

89. Plaintiff has failed to mitigate any of her alleged damages.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Ripeness)

90. Defendants allege that Plaintiff's claims against Defendants are barred because the issues raised in the complaint are not ripe.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches)

91. Defendants allege that, by her conduct, Plaintiff is guilty of laches which bars in whole or in part, the relief sought herein.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

92. Defendants allege that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned and is equitably estopped to assert, any claim for relief against Defendants respecting the matters which are the subject matter of the complaint.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

93. Defendants allege that no relief may be obtained under the complaint by reason of the doctrine of unclean hands.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequacy of Remedy of Law)

94. Defendants allege that the injury or damage suffered by Plaintiff, if any there be, would be adequately compensated in an action at law.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Set Off)

95. To the extent Plaintiff has been compensated for the alleged damages by

-14-

receiving payment from other persons or entities the amount of any such compensation should be set off against any recovery plaintiffs may receive in this action.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Improper Service)

96. These answering Defendants have not been properly served with process in this adversary proceeding.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

#### (Comparative Fault)

97. Plaintiff was at fault in how she conducted her affairs relative to the incident described in Plaintiff's complaint. Such fault caused or contributed to the damages complained of in this case.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Comparative Fault of Third Parties)

98. People or entities other than these answering Defendants caused or contributed to the damages Plaintiff claims to have suffered. Therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

#### (Notice of Additional Affirmative Defenses)

99. Defendants allege that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and yet unstated affirmative defenses. These answering Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert such defenses.

///
///
///

-15-

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

Case: 10-01089    Doc# 13    Filed: 10/15/10    Entered: 10/26/10 14:21:02    Page 15 of 20

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

100. Plaintiff and their principals were fully advised of the nature of the transactions and/or venture in which they participated, and with full knowledge thereof, participated in said transactions and/or venture of which they complains herein and by reason thereof, said complainant is estopped from obtaining any of the damages as prayed for in the complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiff;
2. That Plaintiff take nothing by this action;
3. For a judgment of dismissal in Defendants' favor on all causes of action in the complaint;
4. That Plaintiff's request for injunctive relief, if any, be denied;
5. That Plaintiff's request for declaratory relief be denied;
6. That Defendants recover their costs of suit incurred herein, including attorneys' fees; and
7. For such other and further relief as the court deems just and proper.

DATED: October 11. 2010

HELLER & HIBBERT

STEVEN M. HELLER
Attorney for Defendants KEVIN INVESTMENT CO., KEVIN E. CARINALLI and HEATHER M. CARINALLI

-16-

**In Re: Clement C. Carinalli and Ann Marie Carinalli**
U.S. Bankruptcy Court, Northern District of California, Santa Rosa Division Case No. 09-01089 (AJ)

## PROOF OF SERVICE

I am a citizen of the United States and a resident of Sacramento County. I am over the age eighteen years and not a party to the within named action; my business address is 6833 Fair Oaks Boulevard, Carmichael, California 95608.

On October 13, 2010, I served the following document(s) on the parties listed below:

## ANSWER TO COMPLAINT

_XXX_ (MAIL) on the parties in this action at the address(es) listed below by placing a copy thereof in a sealed envelope with postage fully prepaid and depositing with the U.S. Postal Service in the designated area for outgoing mail. I am familiar with the procedures of this office for processing mail.

_____ (E-MAIL) on the parties in this action by causing a true copy thereof to be delivered by e-mail to the addressee(s) listed below. (per agreement of 9/18/06 between the parties)

_____ (PERSONAL DELIVERY) on the parties in this action by causing a true copy thereof to be delivered by hand to the offices of the addressee(s) listed below.

_____ (FACSIMILE) by sending a true copy thereof by facsimile machine to the persons and at the facsimile numbers listed below. Receipt of the facsimile sent has been verified.

_____ (OVERNIGHT MAIL) by depositing with an overnight carrier with postage/fees fully prepaid. I am familiar with the procedures of this office for processing overnight mail.

| Attorney for Official Committee of Unsecured Creditors: | Attorney for Kerri Olhiser, Kerri Investment Company, Kelly Suacci, Kelly Investment Company, Keith Carinalli and Keith Investment Company: |
|---|---|
| John D. Fiero<br>Maxim B. Litvak<br>Pachulski Stang Ziehl & Jones, LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>Phone: (415) 263-7000<br>Fax: (415) 263-7010 | Julia P. Gibbs<br>Law Offices of Julia P. Gibbs<br>1329 Howe Avenue, Suite 205<br>Sacramento, CA 95825-3363<br>Phone: (916) 646-2800<br>Fax: (916) 929-1158 |

///

///

-17-

ANSWER TO COMPLAINT FOR AVOIDANCE OF FRAUDULENT TRANSFER, ETC.

| | |
|---|---|
| 1 |     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 13, 2010, at Carmichael, California. |
| 2 | |

                                                   */s/ Brenda L. Gilbert*
                                                   Brenda L. Gilbert

**In Re: Clement C. Carinalli and Ann Marie Carinalli**
U.S. Bankruptcy Court, Northern District of California, Santa Rosa Division Case No. 09-12986 (AJ) - Adversary Proc. No. 10-01089 (AJ)

## PROOF OF SERVICE

I am a citizen of the United States and a resident of Sacramento County. I am over the age eighteen years and not a party to the within named action; my business address is 6833 Fair Oaks Boulevard, Carmichael, California 95608.

On October 13, 2010, I served the following document(s) on the parties listed below:

## ANSWER TO COMPLAINT

__XXX__ (MAIL) on the parties in this action at the address(es) listed below by placing a copy thereof in a sealed envelope with postage fully prepaid and depositing with the U.S. Postal Service in the designated area for outgoing mail. I am familiar with the procedures of this office for processing mail.

_____(E-MAIL) on the parties in this action by causing a true copy thereof to be delivered by e-mail to the addressee(s) listed below. (per agreement of 9/18/06 between the parties)

_____ (PERSONAL DELIVERY) on the parties in this action by causing a true copy thereof to be delivered by hand to the offices of the addressee(s) listed below.

_____ (FACSIMILE) by sending a true copy thereof by facsimile machine to the persons and at the facsimile numbers listed below. Receipt of the facsimile sent has been verified.

_____ (OVERNIGHT MAIL) by depositing with an overnight carrier with postage/fees fully prepaid. I am familiar with the procedures of this office for processing overnight mail.

| Attorney for Official Committee of Unsecured Creditors: | Attorney for Kerri Olhiser, Kerri Investmen Company, Kelly Suacci, Kelly Investment Company, Keith Carinalli and Keith Investment Company: |
|---|---|
| John D. Fiero<br>Maxim B. Litvak<br>Pachulski Stang Ziehl & Jones, LLP<br>150 California Street, 15th Floor<br>San Francisco, CA 94111-4500<br>Phone: (415) 263-7000<br>Fax: (415) 263-7010 | Julia P. Gibbs<br>Law Offices of Julia P. Gibbs<br>1329 Howe Avenue, Suite 205<br>Sacramento, CA 95825-3363<br>Phone: (916) 646-2800<br>Fax: (916) 929-1158 |

///

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 13, 2010, at Carmichael, California.

*Brenda L. Gilbert*
Brenda L. Gilbert